You may proceed. Thank you. May it please the Court, Counsel. My name is Michelle Hurley. I'm here today on behalf of the appellant, Berkley National Insurance Company, a subrogate of Lakes Community Cooperative. We're here today asking the Court to reverse the ruling on summary judgment from the District Court and remand this matter back for a trial on its merits. The primary issue before the Court today is whether or not the District Court erred in holding Berkley to a higher burden of proof than is required by Minnesota law in proving a manufacturing defect, which does allow for it to be proven using circumstantial evidence. Specifically, the Court relied upon a definition that would require Berkley to prove that the fan, the product in this case, deviated from the intended design of Broan. The problem with that Is that what the Minnesota Supreme Court says? No, Your Honor. That is not what the Minnesota Supreme Court says, which is exactly the problem. Broan has not cited to any case from a state court in Minnesota that has adopted that definition of a manufacturing defect. Neither did the District Court. Where that definition actually comes from is the restatement third of torts, which similarly has not been adopted by the Minnesota state courts. Now, if we look at the restatement third of torts, 2A is where that definition actually comes from. You will see that it is not exclusive. It specifically says it's not exclusive. So if the Court were going to rely upon that and assume that Minnesota would adopt the restatement third of torts, it would necessarily include Section 3, which comes directly after that, which allows for circumstantial proof of a defect. Now, in this particular case, we have provided, Berkley has provided, two failures in the product. First, that the bearing or the motor itself overheated to the point that it arced out at the copper windings in it. Is it 13 years old at that point? How many years old is it at that point? Yes. We believe it's approximately 13 years old at the time. Proceed with your argument. Yes. Second, that the TCO, the thermal cutoff device, failed to operate as Brohn intended it to. It was meant to cut the power once the overheating began so that it would not create a fire. Now, that sounds very similar to the definition that was put forth by both Brohn and the district court. But they both said, nope, that's not good enough. You have to show specifically why that fan overheated, and you have to show specifically why that TCO failed to operate. What was the deviation in the design that allowed those two things to happen? That's simply not consistent with Minnesota law. And it's not consistent with the Restatement 3rd of Torts, which says that an inference can be created if the failure, the fire in this case, is commonly produced by a product defect. Don't you have to show there was a defect when the fan left the manufacturer? Absolutely, Your Honor. And you can prove that using circumstantial evidence under Minnesota law. I think what happened here is once Berkeley couldn't prove those two things to the level and the degree that's not actually required by the law, what the court said is, this is just a reciprocate case. This is nothing more than a reciprocate case. And that's simply not true. A reciprocate case would have been if Berkeley was saying, the fire started in the fan, therefore, it must be a product defect. But that's not what we're saying at all. There is actual evidence of a failure within that fan, two failures within that fan. This is not a reciprocate case. But similar to a circumstantial evidence case, to your point, Judge, the second inquiry that you have to look at is, what are the other probable causes, right? Now, obviously, the experts ruled out anything in the vicinity of this particular fan, right? That was part of their process. But what the court really was getting at is the time question, right, that you look at in a reciprocate case. It's very similar to the question that you look at in a circumstantial evidence case. But in a circumstantial evidence case, you don't have to rule out all of the other probable causes. And in this case, even when you look at the time, the problem is, as cited to by Brown, time is not the only factor. A substantial opportunity for change, for alteration from when it left the manufacturer's control. That's what's missing. But isn't the more time, the more opportunity for other causes, right? Depending on the type of product that you're talking about. This is not a vehicle. This is not a container. This is something that is out of access and out of reach of anybody. No, wait. It's an access to dust and grime? Certainly. You're an expert. But they're not saying that that's what caused the fire. That's not what's to blame for the fire. The fire was caused by the defects in the actual fan. What it says is that there's no opportunity. A ladder, a chair by some random patron of this woman's bathroom got up there and monkeyed with this? Sure. Aliens also could have come down and done something to it. But the opportunity, the substantial opportunity is lacking. And more importantly, under circumstantial evidence, you still get to the jury. Broen can argue all day long that this was a 13-year-old fan. And maybe somebody at some point, even though there's no maintenance required, there's no repairs that have been done, there's not even any cleaning that's done on this fan. That maybe somebody got up there and did something, but we still get in front of the jury. This is not appropriate for summary judgment. Berkeley has enough evidence to submit to the jury because the jury is not going to have to speculate. Will they have to look at two causes potentially? Yes. That's their job. It's not the job of the court to not allow Berkeley to even get there. And I will reserve the rest of my time. Thank you. Very well. Thank you for your argument. Mr. Jessman, we'll hear from you. Thank you, Your Honor. Good morning, and may it please the Court. The district court correctly granted summary judgment for any of three independent reasons under Minnesota law, and this Court should affirm. The Court alluded to some of those reasons in its questioning. There was no defect in the fan. There was no evidence of defect at the time. It was, it left Brown's control more than 12 or 13 years before the fire, and there was no evidence of causation. I'd like to start by responding to one of my colleague's comments. She said, the fire was caused by the defects in the fan. There's no evidence of that. Their expert does not opine as much in his report at Appendix page 47. And in deposition, he said, I don't know why the fire started. And that's repeated in their briefing both in the summary judgment record in the district court and on appeal. So all their argument really is, is we have an expert that says, the fire, I think it started in the fan because the motor overheated. And we can use the circumstantial evidence shortcut to get around the evidence of, that a defect existed and that it existed at the time the fan left Brown's control when it was installed, and you just can't do that under Minnesota law. Counsel said, the Minnesota Supreme Court has not adopted the definition of departure from an intended design. We cite cases where the Minnesota Supreme Court says exactly that. Harrison is one case. That's a footnote, footnote two in Harrison. Pages 16 and 17 of our brief cite federal and state courts, including this court, saying that the Minnesota Supreme Court's manufacturing defect standard is a departure from intended design standard. Or essentially, you have to compare what was the original intended design and did the product at issue match that. This court in Boda, this court in Secura, the case about the John Deere tractors, all said it's about, does the definition match? So this court would have already been wrong once or twice if the other side is correct in the argument about the definition. Of course, the court doesn't need to get to the definitional issue. There's no evidence that whatever defect they're claiming existed, existed at the time the product left Brown's control. They don't even argue on appeal. If you look at their appeal brief, the timing issue, that's not even addressed in the appellate briefing. So that's a quite straightforward basis for affirming there. Is there evidence that the thermal, what's it, the TCD, is that it? Thermal cutout. Cutout. The thermal cutout device failed to operate as intended. Is there evidence of that? Yes. So their expert opines the thermal cutout did not function, did not open the circuit to turn off the motor. But that's not enough, right? Their expert needs to say, I think that failure to open was a defect. It was a manufacturing defect and it was a defect at the time. Their expert says none of those things. Their expert just says it didn't open. We asked them, why do you think it didn't open? And he said, I don't know. That's at appellate appendix page 77. Were his words, I don't know? The question was, do you know why this didn't occur? And he said, no, I don't. So that's appendix page 77. What do you mean by this didn't occur? Well, I can go grab the appendix if you want me to read the exact quote. But essentially the question was, why didn't it open? The thermal cutout. The thermal cutout. Do you know why it didn't open? No, I don't. So the record evidence is there at appendix page 77. And if you want to look at his expert opinions, it's just one page, appendix page 47. Just one page of opinions. Never does he opine, I think a manufacturing defect caused the fire. There's no evidence, expert, fact, direct, circumstantial, that a manufacturing defect. Their argument is that something went wrong. And therefore, it must be because of a manufacturing defect at the time that caused the fire. That's definitely not supported by the record. And you can also look at their experts' own opinions for an alternative cause. We don't need to prove alternative cause. But their expert said, you know what? To Your Honor's question about the thermal cutout device, maybe one reason it didn't engage as required is because of the buildup of dust and lint insulated it. So it didn't sense the temperatures of the motor. Well, if their own expert says it was this alternative cause, then they haven't established their prima facie case. Well, the expert could compare two things, right? Right, Mr. Jessupan? Yeah, he absolutely could. And that's what Minnesota law requires. You don't think he was doing that and talking about it? He admits he wasn't doing it. He admits he hadn't read the instruction manual. He doesn't say, I did testing on a clean version of the fan. He just says, I looked at the fan. It looks like there was arcing in the motor and the windings. And I think that's what caused the fire. But that's not a manufacturing defect. That's not even a defect. It could be wear and tear. It could be installation. There's no evidence of what the state of the fan when it was installed by a prior owner over a decade earlier. The only evidence they cite on the record on that at appendix page 110 is a gas station employee saying, yeah, I don't know what the record of the maintenance is. I just don't know what it is. That's a failure of proof on their part because the burden is on them. If they're trying to use the circumstantial shortcut, they have to set aside or disprove these alternative causes, especially to Your Honor's point where there is. Why do you call circumstantial evidence a shortcut? Well, what they're. Is that a normal type of evidence? Yeah, and that's a fair point, right. All evidence is fair game at summary judgment, direct, circumstantial, fact, expert, et cetera. What I'm trying to say is they're using the phrase circumstantial evidence essentially as a res ipsa shortcut. You mean proxy? You mean a proxy?  They're using the words circumstantial evidence to mean what res ipsa functionally does, right. We get to say, circumstantially, our expert says the fire started in the fan. Therefore, it must have been a manufacturing defect at the time it left Brown's control. There's no Minnesota law that would support that much of the leap. And the district court was correct in giving three different reasons why summary judgment was appropriate on that. So if your honors have no further questions, we'd ask the court to affirm, because there's a simple failure of proof here. No evidence of defect, no evidence that the defect existed when the product left Brown's control, and no evidence of causation. All right, thank you for your argument. Ms. Hurley, we'll hear rebuttal. OK, let's start with the fact that this isn't a shortcut. Circumstantial evidence can be used to prove a murder. And you're telling me that that's a shortcut? It's not a shortcut. It's just the law. That is what the law is. It allows you to prove it. And the reason behind that, in part, is actually articulated in the third restatement of torts, which Minnesota has not adopted. And it says that when the product unit involved  in the harm-causing incident is lost or destroyed in an accident, direct evidence of a specific defect may not be available. Under that circumstance, this section may offer the plaintiff the only fair opportunity to recover. We're talking about a very small motor that is very much damaged during a fire. Most of the cases that I handle are fire cases. You cannot prove them in most situations with direct evidence. You need circumstantial evidence. And the statement that our expert says he doesn't know why the fire started is blatantly false. He absolutely knows why that fire started. He knows that the motor itself overheated to the point that it melted copper, which melts at 2,000 degrees. He knows that that TCO is supposed to open and cut the power as soon as overheating begins. Their own representative said that's what's supposed to happen. I think the claim was that he doesn't know why the TCO didn't open. He said both things, Your Honor, as a point of fact. I wrote it down when he said it. And he doesn't know why the TCO failed to open. But he does know that it was supposed to open. Brown admitted that it was supposed to open. It was designed to open. It is designed to prevent this exact thing from happening. So the fact that it didn't open is circumstantial evidence that something went wrong here. Well, the district court says there's no opinion why the TCO didn't work.  There is no opinion as to why the TCO did not work. Don't you have to have that? We know that it is supposed to work. No, we don't need that, Your Honor. That's the whole point of circumstantial evidence. If we knew specifically why the TCO failed to open in this particular case, that would be direct evidence of the defect. That would not be using an inference that there was a defect. The whole point of using the word inference or circumstantial evidence is that you can't identify that specific thing. We can't even tell, you know, for example, whether or not the element was actually present there. Basically, the element melts away, which allows it to open and cut the power. We don't even know that after the fire, because we know that it would be consumed by it. And this is not some one-off thing. I mean, there's a multitude of cases that have been brought against Brown for this exact thing, where their TCO fails to operate as intended. There's a pending First Circuit case right now, where the expert's saying the exact same thing as our expert's saying. It overheated, and the TCO failed to open as it should. And they're making the exact same argument there. No, you have to tell us specifically why that TCO didn't open. Would you give us a 28-J letter identifying the Fourth Circuit case, at least for me, please? The First Circuit case, Your Honor? Yes. Yes. It is Citation Insurance Company versus Brown-Newton. Now, wait a minute. The judge asked whether you could give us a 28-J letter. Do you know what that is? Oh, I'm sorry. Did I? I don't hear what you're saying. I may have said that it would be written down, unless you're saying it's already cited in your brief. No, that one is not already cited in our brief. It just came to our attention. Could you send a letter to the clerk? Yes, absolutely, Your Honor. Under Rule of Procedure 28-J, that cites the case to which you're referring. I can absolutely. We also cited to another case in our brief, which was the same situation, where Bohn is trying to say, no, no, no. You can't say just that it arced out. And you can't say just that the TCO failed. You have to give us something more. But the fact of the matter is, all we're looking to do is get in front of the jury here. And we do have sufficient evidence of a defect to get in front of the jury. So we'd ask that you remand the matter back. Very well. Thank you for your argument. Thank you to both counsel. The case is submitted, and the court will file a decision in due course. Counsel are excused. Thank you. With the statue.